

NUMBER 13-07-664-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FRANCISCA GUTIERREZ,                                    Appellant,

v.

DOLGENCORP OF TEXAS, INC.,                             Appellee.

On appeal from the 24th District Court of Goliad County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion by Justice Yañez**

In this "slip-and-fall" case, appellant, Francisca Gutierrez, appeals a no-evidence

summary judgment granted in favor of appellee, Dolgencorp of Texas, Inc. ("Dollar

General").[1]  By two issues, appellant contends the trial court erred in granting summary judgment because she presented more than a scintilla of evidence that (1) a dangerous condition existed on Dollar General's premises, and (2) Dollar General had actual or constructive knowledge of the dangerous condition.  We affirm.

**Background**

Appellant sued Dollar General for premises liability, alleging that she suffered injuries when she fell over an uneven mat placed at the front entrance of the store.  Dollar General filed a traditional and no-evidence motion for summary judgment.[2]  In the no-evidence section of its motion, Dollar General argued there is no evidence (1) that the mat posed an unreasonable risk of harm, or (2) that Dollar General knew or should have known of some problem with the mat.

 In her deposition testimony,[3] appellant stated she was outside the Dollar General store, browsing clearance items displayed on the sidewalk.  As she approached the front entrance of the store, she tripped and fell on a mat.  Appellant stated she did not see the mat because she was looking at the store's merchandise, and was not looking down.  She stated that the mat was "kind of folded" and uneven.

Appellant also presented an affidavit by Lauren Garcia, the Dollar General manager on duty at the time of the incident.  Garcia stated she was outside bringing in merchandise when she noticed appellant immediately after her fall.  According to Garcia, she had

---

[1] The record does not contain an explanation of the relationship between appellee and Dollar General.

[2] *See* TEX. R. CIV. P. 166a(c), (i).

[3] Excerpts of appellant's deposition testimony were attached to appellant's response to Dollar General's motion for summary judgment.

walked over the mat less than ten minutes earlier and did not notice any problem with the mat. She also stated that during her employment at the store, she was unaware of anyone that had fallen or been injured because of the store's floor mats.

## Standard of Review and Applicable Law

The standard of review for the granting of a motion for summary judgment is determined by whether the motion was brought on no-evidence or traditional grounds.[4] The trial court's order reflects that summary judgment was granted on no-evidence grounds. Accordingly, we apply the standard of review required for a no-evidence summary judgment.

A no-evidence summary judgment is equivalent to a pretrial directed verdict, and this Court applies the same legal sufficiency standard on review.[5] In an appeal of a no-evidence summary judgment, this Court reviews the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences.[6] If the non-movant produces evidence to raise a genuine issue of material fact, summary judgment is improper.[7] All that is required of the non-movant is to produce a scintilla of probative evidence to raise a genuine issue of material fact.[8] "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion

---

[4] *See* TEX. R. CIV. P. 166a(c), (i); *see also Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 771 (Tex. App.–Corpus Christi 2003, no pet.) (op. on reh'g).

[5] *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Ortega*, 97 S.W.3d at 772.

[6] *City of Keller v. Wilson*, 168 S.W.3d 802, 825 (Tex. 2005) (noting that review of a "no-evidence" motion for summary judgment is effectively restricted to the evidence contrary to the motion); *Ortega*, 97 S.W.3d at 772.

[7] TEX. R. CIV. P. 166a(i).

[8] *Ortega*, 97 S.W.3d at 772.

of a fact.'"[9] Conversely, more than a scintilla exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions."[10] In determining whether the non-movant has produced more than a scintilla of evidence, we review the evidence in the light most favorable to the non-movant, crediting such evidence if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not.[11] The burden of producing evidence is entirely on the non-movant; the movant has no burden to attach any evidence to the motion.[12]

The admission or exclusion of summary-judgment evidence rests in the sound discretion of the trial court.[13] A trial court abuses its discretion if it acts without reference to any guiding rules or principles or acts in an arbitrary or unreasonable manner.[14] A trial court does not abuse its discretion if it decides a matter within its discretion differently than the appellate court would.[15]

Appellant sued Dollar General for premises liability. "The plaintiff in a premises liability case must establish that the premises owner knew or should have known of a dangerous condition on the premises that presented an unreasonable risk of harm and that

---

[9] *Id.* (quoting *Kindred v. Con/Chem Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

[10] *Id.* (citing *Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 25 (Tex. 1994)).

[11] *Tamez*, 206 S.W.3d at 582; *City of Keller*, 168 S.W.3d at 827.

[12] Tex. R. Civ. P. 166a(i).

[13] *Alaniz v. Hoyt*, 105 S.W.3d 330, 341 (Tex. App.–Corpus Christi 2003, no pet.).

[14] *Id.*

[15] *Id.*

the condition proximately caused the plaintiff's injuries."[16]  Dollar General contends there was no evidence to support the first and second elements—that it knew or should have known of a dangerous condition (the mat), and that the mat presented an unreasonable risk of harm.

**Analysis**

Appellant contends she presented more than a scintilla of evidence that the mat posed an unreasonable risk of harm.  In her response, appellant argued that "[a]s the rug was folded and not flat on the ground[,] it existed in a defective condition" and, therefore, posed an unreasonable risk of harm.  The only evidence appellant offered in support is her own deposition testimony that the rug was "kind of folded" and uneven.

With regard to evidence that Dollar General knew or should have known of the allegedly defective condition, appellant points to Garcia's affidavit in which she states that she walked over the mat less than ten minutes prior to the incident and did not notice any problem with the mat.  According to appellant, "more than a scintilla of evidence exists demonstrating the mat existed in a defective condition for over ten minutes as no one else contacted the mat."

An owner-operator is considered to have constructive knowledge of any premises defects or other dangerous conditions that a reasonably careful inspection would reveal.[17]  A condition is not unreasonably dangerous simply because it is not foolproof.[18]  "A

---

[16] *Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007) (citing *Seideneck v. Cal. Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970)).

[17] *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 295 (Tex. 1983).

[18] *Brinson Ford, Inc.*, 228 S.W.3d at 163.

condition is unreasonably dangerous if it presents an unreasonable risk of harm."[19] "A condition presenting an unreasonable risk of harm is defined as one in which there is a sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen."[20]

Appellant argues that the mat was in a "defective condition" because it was "kind of folded" and uneven. We disagree. Appellant presented no evidence that Dollar General had received prior complaints about the mat, or that the mat or its location created an unreasonably dangerous condition. In fact, appellant admitted in her deposition testimony that she did not see the mat because she was looking at the store's specials; she stated that if she had looked down, she would have seen the mat. There is therefore no evidence that if the mat was folded, it was folded *before* appellant fell. Appellant offered no evidence that anyone had previously tripped on the mat, that the mat had any defects, or that the mat had on other occasions become buckled due to heavy foot traffic.[21]

Appellant argues that Dollar General's reliance on *Seideneck* is misplaced because in that case, the plaintiff failed to produce evidence that the rug was in a defective condition.[22] According to appellant, the mat in the instant case was in a "defective condition" because she noticed it "was folded and uneven after her fall."

---

[19] *Id.*

[20] *Seideneck*, 451 S.W.2d at 754.

[21] *See Crosby v. Minyard Food Stores, Inc.*, 122 S.W.3d 899, 901-02 (Tex. App.–Dallas 2003, no pet.) (noting defendant's motion for instructed verdict was properly denied where evidence showed defendant was aware that store mat was often buckled and created a frequent risk of injury).

[22] *See Seideneck*, 451 S.W.2d at 755 (holding there was no evidence that a rug presented an unreasonable risk of harm where there was no evidence that rug was in a defective condition).

6

We disagree that appellant has presented any evidence that the mat was in a defective condition. Here, as in *Seideneck*, there is no evidence that the mat's "particular placement would have served as a suggestion or warning to the defendants that it presented the prohibited degree of danger."[23] There is no evidence that anyone had previously tripped on the mat either on that day or any other day. The only allegation that the mat was defective was that it was folded after appellant's fall.

Appellant cites *Crosby v. Minyard Food Stores, Inc.* in support of her position that the mat posed a dangerous condition.[24] We find, however, that the facts in *Crosby* are distinguishable. In *Crosby*, the plaintiff sued the defendant for injuries sustained after she tripped on a mat at the front entrance of a grocery store.[25] The plaintiff presented evidence that the store's mat had a tendency to buckle and required frequent straightening.[26] The evidence also revealed that the defendant knew the mat's frequent buckling had caused other customers to fall.[27] In the present case, appellant has failed to present any such evidence.

We conclude there is no evidence that the mat presented an unreasonable risk of harm. We overrule appellant's first issue.

Because appellant failed to present any evidence of an essential element of her

---

[23] *Id*. at 754.

[24] *See Crosby* ,122 S.W.3d at 902.

[25] *Id*. at 900.

[26] *Id*. at 901 (noting employee's testimony that he had to straighten the mat between 48 and 86 times during an eight-hour shift).

[27] *Id*.

claim, we need not address her second issue.[28]

## Conclusion

We affirm the trial court's judgment.

_____
LINDA REYNA YAÑEZ,
Justice

Memorandum Opinion delivered and filed
this the 29th day of August, 2008.

---

[28] *See* TEX. R. APP. P. 47.1